The Honorable Court, all rise! The Honorable, the United States Court of Appeals of the First Circuit is now in session. All persons having any business before this Honorable Court may draw near, give their attendance, and they shall be heard. God save the United States of America and this Honorable Court. May be seated. Court is in session. Today's cases will be called as previously announced. The times will be as allotted to counsel. The first case today is number 221596, U.S. Securities and Exchange Commission v. Henry B. Sargent. At this time, would Attorney Alvarez please introduce himself on the record to begin? As you can see, we have with us remotely Judge Lynch. Judge Lynch, can you hear everything well? Yes, good morning, everyone. Okay, good. Okay, go ahead. Good morning, Your Honors, and may it please the Court, Paul Alvarez for the Securities and Exchange Commission, and with the Court's permission, I'd like to reserve three minutes for rebuttal. You may. Thank you, Your Honors. Your Honors, the Securities and Exchange Commission does not dispute the ancient origins or the importance of the right to poll a jury, and in this limited interlocutory appeal, this Court need not reach the issue of whether the District Court's failure to individually poll the jury below was itself prejudicial. Rather, the only issue for this Court to decide is whether Rule 48C errors in failing to individually poll the jury are subject to harmless error review, and in that regard, to resolve that issue, the text of both the Federal Harmless Error Statute and Rule 61 of the Federal Rules of Civil Procedure, which implements the Federal Harmless Error Statute into the Federal Rules of Civil Procedure, are clear. All errors shall be reviewed for harmlessness, and no error is grounds for setting aside judgment or for overturning a verdict unless that error can be shown to be prejudicial. Is that your position with respect to Rule 52 in the criminal side? That is the rule in the criminal side, although the rule of harmless error in the criminal context is applied differently than it is in the civil context. And does the text support that difference with respect to a structural error? With respect to a structural error? In other words, we know, at least if you take our decision of Miranda, which I don't take you to be disputing, correct? Correct. That a failure to poll in the criminal context is structural, correct? Do you disagree with that? I don't. I don't. I'm not certain that that's exactly what the Court has said. What's the SEC's position about what? Do we do an individual case-by-case prejudice analysis on the criminal side? Is that your understanding of what we do under Miranda? So the Commission is not taking any position on what the Court needs to do in the criminal context. Does that mean you are assuming that if Rule 52 on the criminal side, with respect to a polling error, would entail no case-by-case prejudice inquiry, you still could win? That's correct. Right. So is there a way in which it could be true on the criminal side that it would be effectively a structural error, so no individual prejudice, and yet on the civil side could be different? If so, what in the text of Rule 61 could support that differential outcome, given what Rule 52's text says? Do you follow the question? Absolutely. Yes, absolutely. So I think we have to unpack that a little bit here. So criminal defendants are facing significant consequences in a criminal case, right? And so the underlying assumption in all criminal cases is that they do not want an individual to have their life or liberty deprived of them because of an error. And so as the harmless error is applied in the criminal context. I'm just asking a textual question. No, I understand what you're saying. And so the text first, the text of Rule 61 states that unless justice requires other, no error is ground for granting a new trial or setting aside a verdict. And at every stage of proceeding, the court must disregard all errors that do not affect a party's substantial rights. And that last sentence is the same as 52 roughly, isn't it? That is true. So given the similarity of text in Rule 52 and Rule 61, how can it be that the inquiry into a polling area would be structural for criminal and not for civil? That's what I'm asking. Because the interests in a civil case are distinct from the interest in a criminal case. So is there a way the text can generate that outcome? Well, first you have to look to the text which states that you have to disregard all errors that do not affect any party's substantial rights. I understand what you're saying.  I understand what you're saying. So if I read that same text just the way you asked me to do it, you acknowledge in the criminal side it would be structural. You're not disputing that it could be structural on the criminal side. And yet you're saying even if we read 52 that way on the criminal side, there's somehow those same words must be read not to be structural on the civil side. I'm trying to figure out why. Well, because courts in criminal cases review harmless error differently than they do in civil cases, notwithstanding the similarities. So I think the fact that there is a similarity isn't enough. With respect to the question of whether we do a structural error analysis versus, in other words, is there any instance in which something has been deemed structural error on the criminal side and not on the civil side? I'm not aware of any. But I do know that structural errors are. It depends on us being able to say that that's a possible outcome. So I'm trying to figure out what would support it. Is there a text that supports that? How would I, how would one get to that position? I understand that if we reject the idea it's structural on the criminal side, quite easy to explain why it would also not be structural on the civil side. But absent that, I'm just having difficulty seeing. Well, there is a question, Your Honor, that structural errors, as to whether structural errors even apply in the civil context. Right? I mean, there is no case. The Supreme Court certainly hasn't held that the structural error analysis is applicable. But I take it on that point, too, the government's not taking the position that there can't be. There certainly isn't any. And I don't believe that there can be. I think the reason why there is. So even if there was a racist juror, that would not make it structural error on the civil side? A racist juror, no. And I think you would look to the facts and circumstances. A biased, completely biased judge, you would still do it on the civil side? A completely biased judge, perhaps, you would look. So then there could be structural error on the civil side. So, okay, so you're assuming there can be structural error on the civil side. You're assuming that this can be structural error on the criminal side. You're acknowledging that the text of 52 and 61 are similar, if not identical, in the relevant respect. What then supports the differential treatment? That's what I'm trying to get an answer of in light of that text. I don't think that you can tease out in the text, given their similarities, that the structural error analysis would be inapplicable in the civil context. I'm not disputing that. I do, again, think that structural errors apply only to constitutional, enumerated constitutional rights. You mentioned the Constitution, but there is a Sixth Amendment right to jury trial in criminal cases, but there's also a Seventh Amendment right that was exercised in this case for constitutional right to jury trial. Now, you mentioned that in criminal cases there's life, liberty. It can be deprived as a result of that. For example, somebody can go to prison or be on supervision or probation for a long time, maybe cannot vote, cannot possess firearms, cannot serve on a jury. But on the civil side, here, for example, this gentleman, Mr. Sergeant, as a result of this, he was found to have violated the anti-fraud provisions of the SEC laws. So that's going to have some serious consequences also. He might not be jailed, but still has some very severe consequences. So what is the constitutional difference, perhaps, between those when you look at the rules also? So you mentioned the right to a trial by jury, and I'm glad you brought that up, Judge Helpe, because the denial of the enumerated right to a trial by jury is reviewed for harmless error. And it would be a strange result, indeed, to hold that the denial of that enumerated constitutional right is subject to harmless error review in civil cases, but then to say in the same breath that the denial of a non-constitutional right that is secured by rule is somehow superior to that right. And I just don't think that there is any room in the text of the rule. Do we know if that's true in the criminal context? In other words, if you got a bench trial when you should have gotten a jury trial? Is that structural? I don't know the answer to that, Your Honor. Well, wouldn't it be important to know the answer? Because if your position is, again – No, my position is – The position you're taking on that point loses its force if, on the criminal side, the same distinction obtains. There's a fundamental distinction between criminal and civil cases, and I think the Supreme Court has said that since the Koteikos case, and that errors are viewed differently between the criminal and civil context, notwithstanding the existence of similar language.  Maybe I'll put it this way. And that's not – One possibility is that difference means you can never have structure on the civil context, but the government's not taking that position, correct? At least insofar as you're talking about a biased judge, certainly. Well, I think that's saying you're not taking the position that there can never be structural error. Then the question becomes, what explains why something that is structural on the criminal side isn't on the civil side? And I guess I'm just trying to understand what that could be. To play it out just practically, the reason on the criminal side it might be structural is that there's a fundamental importance of having a juror, and we don't know whether they just succumb to pressure, like 12 angry men, right? Basic idea is, did the person do what they were supposed to do and act on their own individual rather than giving in to group pressure? How are we going to get that inquiry done? So on the criminal side, that's Ira Greene suggests, makes some sense to say, we're not going to do an individualized prejudice inquiry. You just didn't get a fundamentally fair trial because we're not sure that the person who adjudicated it decided the way they were supposed to. How is that any different on the civil side? That's what I'm trying to get an answer to. It's different on the civil side because this court in Ira Greene did conduct that analysis, albeit under plain error review, but it considered whether the denial of the right to poll a jury individually affected the substantial rights of the aggrieved party. But in that instance, because you're on plain error, the text goes the other way because the burden then is on the different party to make the showing of prejudice, which is not how it reads in the context of 52 and 61, right? But in 61, it does read that way. In 61, the burden is, and courts have applied in harmless error review under Rule 61, that the burden is on the party who asserts the error, and the burden must be shown by a preponderance of the evidence. And that is how harmless error is applied universally in civil cases. But the burden is, that's true on the criminal side too, isn't it, or not? That's not true on the criminal side. No, and that's why you have to view these things as distinct. On 52A1? The government bears the burden in criminal cases of proving beyond a reasonable doubt that the error was harmless. That's when it's a constitutional error. But the government nonetheless bears the burden. And so you're talking about something that supersedes a constitutional error in some regard. And so what I'm saying is where the government bears the burden in the criminal case, that makes sense because the defendant is on trial for his life, for his liberty. For a non-constitutional error, the government bears the burden for prejudice in the non-constitutional error context? That's my understanding, yes. And then the civil context, the defendant bears the burden. Well, it's not just the defendant because we're talking about a civil case. If the commission had lost and the commission had requested. But that's an important distinction, right, Your Honors? I mean, this is not someone who is simply being, it's not the government versus the defendant as it is in the criminal case. It is either party is entitled to that poll. So it's the aggrieved party. And the aggrieved party under the framework, the balanced framework that Congress set up, has the burden of showing by a preponderance of the evidence that, may I finish, Your Honor? Yeah. That the error was harmful. And they must show that by a preponderance of the evidence. And that is the balanced framework that Congress set up. And so when Congress set that up, they said all errors. They didn't stratify the errors among important ones, errors that were difficult to assess. They said all. All means all by this Court's own holdings. And so I will reserve the rest of my time for it. Let me ask you one further question because, again, I want to ask you. My prior experience as a district judge, I had a, it was a criminal case one time, but I did poll the jury. And it was unanimous. I had asked the foreman like twice, yes, unanimous. And then I had a request, and can I poll the jury? And I said yes. So we polled the jury. And then like the last, I think there was like three jurors left, two of them said, no, that's not my verdict. Had I not done that, we would have never known. Again, that was a criminal case. But in a civil case, the same thing could happen. And as a matter of practice, I started polling the jury in every case responding. So I have that concern. Unless you poll a jury, you know, it's so easy. It only takes juror number one. I assume there's eight jurors here in the civil case. One, two, three, yes, yes, yes, yes. And that is it. But then, you know, I'm a judge who has experience, jurors who did not vote that way, and then they yielded to pressure. So that's sort of, you know, something I want to comment. And then we have to have unanimous verdicts in civil and criminal cases in federal court. And, again, you mentioned that, again, this is not a criminal case, but this civil case, regardless of what happens to this gentleman, he's got a stigma the rest of his life. This is kind of like a scarlet letter. He was found liable, and it's upheld on appeal. This is his entire life, forever and ever. That's part of his background. So it does, again, it's not a criminal case, but it's got some quasi, I don't want to say quasi-criminal, but it's got some very serious consequences as to this gentleman. Well, the consequences are monetary, number one. And, number two, I'm glad you brought up your experience, Your Honor, because talking about the experience here, Judge Young, who's been on the bench for nearly 40 years, said that this was the first time in all of his years that anyone in a civil case had ever requested a jury poll. And so I think, you know, while you learned from your experience to conduct, as a matter of course, those jury polls, I think this may perhaps be an experience for him as well, to learn something new. But the point is, you brought up how do you assess whether or not the jury was unanimous, and you do that. Congress is clear. You look to the facts and circumstances to see whether there were other indicia of unanimity. This Course decision in Ira Green also did that, albeit under plain error review. It looked to the instructions. It looked to the fact that a collective poll did occur. It looked to the strength of the evidence. It looked to the attentiveness of the juror. And as your experience as a district judge, you know that you are aware of how attentive the jurors are. I have to say, that case had nothing to do with it, but they were very attentive. I gave them probably the same, or in a couple of cases, every instruction that it has to be unanimous, individual judgment decision, but look at what happens. So that's kind of like, based on that, it could happen. No, and I understand that, Your Honor, but that's the balance that Congress struck against. When they enacted the Federal Harmless Error Statute, all errors were deemed presumptively harmful, and Congress went away from that. And they struck a balance that would keep the verdict in place unless there is a showing of actual harm. And so they understand that there are going to be some errors, and they understand that there are also other indicia that you would look to throughout the course of the case. And sure, it's not going to be perfect, but that is the balance that Congress struck here. Judge Lynch, do you have any? Yes, I do. Counsel, it strikes me we're in a line-drawing area. We have precedent going both ways. You argue that the Harmless Error Rule, Rule 61, and the statute always require harmless error review. But we do know that in the criminal context, there are structural errors which are not subject to harmless error review. There is a presumption of prejudice. And you just admitted that on the civil side, it could possibly at times involve constitutional concerns given the Seventh Amendment and given the Due Process Clause reference to deprivation of property. Okay, so if we don't have absolute rules, then I'm quite reluctant to constitutionalize this area of law. And as you point out, the Supreme Court has said harmless error review applies to civil right to trial by jury. So now let's get back to text. And what my colleagues have described is where the text essentially repeats the text in the civil context used in the criminal context. We should take that as an indicia of congressional intent that the two be read similarly. And certainly some First Circuit precedent supports that. So, you know, I would be very reluctant to have courts decide on the basis of the strength of the interest of the defendant whether a particular rule is harmless error or structural error. But the argument here is that Congress made that decision. Mind you, it points both ways. But when they choose to use identical text, that is the basis for the concern. So I've reframed this slightly to explain what my concerns are. What is your response to that? My response is, Your Honors, is that notwithstanding the fact that the rules are written similarly, in practice courts have applied them differently in light of the distinction, the inherent distinction between civil and criminal cases. And to sort of retrofit in a criminal rule to the civil rule sort of undoes that. And really the civil rule sets forth how these errors have to be reviewed. And the civil rule is clear. All errors have to be reviewed for harmlessness. And the burden is on the party asserting the error to show that it was harmful. Yes, but even so, I believe you are correct on this interlocutory appeal. The issue before us is whether there is a per se rule of prejudice or at least a presumption of prejudice, or it is harmless error review. That is the issue in front of us. But the definition of what is harmless may well change with the nature of the question that is before us. I am uncomfortable with an experienced trial judge refusing a request to poll the jury, especially after the jury announces it is deadlocked on Friday. They want a break for the weekend. They come on Monday and they promptly deliver a verdict. And then the judge, having denied the request to poll the jury, meets ex parte with the jury. So I think that, you know, might well raise some serious questions even under the harmlessness rubric. Well, and not to interrupt you, Your Honor, but I think, you know, you raise a good point that those are factors that can be considered in assessing whether the error was prejudicial. But in terms of drawing lines, Congress drew the line. And Congress drew the line. It could have carved out exceptions to the rule for harmless error review, and it didn't. And so we can have that discussion. Just one more minute and you can answer Judge Lentz, but I just think you're just not, when you say that sentence, it's not acknowledging that Congress, in the same text in Rule 52, allows for structural error. So it just doesn't help very much to say Congress decided. I mean, the issue is how do we read that text, given that we know the identical words allow for structural error in the criminal context. So how do we know that in the civil context, Congress meant those same words not to permit structural error? I mean, I think that's beyond what, I mean, you know, we're not here to undo the structural part, the structural error analysis here. I think my, you know, our research here, looking into this, perhaps calls into question whether there is, whether there should be structural error analysis, and whether it's not simply that these are all errors and sort of viewing them through the harmless error lens. But you're not taking that position, so, and you're not asking us to take that position. No, I understand, but we're not taking the position either. I understand what you're saying, Your Honors, but I think you have to personally. I need to take the position that Rule 52 excludes structural error. No, you're not. Right, so then the question is what in the text, and this is just Judge Lynch's question, what would permit us to read the text on the civil side to be different with respect to whether there's structural error? And your answer seems to be, well, you're not saying it also excludes structural error altogether, because maybe the biased judge could be structural error, but somehow this is different. I think that, I think the position has to be here that we are simply, we're simply saying that where there's a biased judge, that may be strong evidence of harm, and that you just have to apply it under the harmless error analysis. Okay, thank you. Okay? Thank you. Can I just ask one very quick question, because Judge Lynch made, I think, was a very important point. Even if harmless errors apply, when you look at the fact there's a deadlock jury on a Friday, they reach a verdict early Monday morning, almost immediately after coming to court, and there's an ex parte meeting with the judge and the jury, which, from the record, we don't know what happened. Is that harmless? Because we were pointing all the factors you mentioned for harmless error. Wouldn't that be? So, again, this Court need not reach whether that was harmless. I think you well know, Your Honors, in your years as a district judge, I don't know whether you met with jurors, and I know my district judge certainly did meet with jurors to thank them after the trial. And so I don't know that there can be any harm attributed to that. Counsel, if all you're going to do is thank the jurors, why do you do that on an ex parte basis? That can perfectly well be done with counsel present. Your Honor, you may be right. You may be right that that could be evidence of harm, and that is the point. My point is, is that Congress set forth the balanced framework that you must consider all of the facts and circumstances, and certainly that is a fact and circumstance that this Court, that the district court would consider. So even if you win, we just vacate and then they can do the harmless inquiry. That's the whole, yes. Thank you. That's exactly what we're asking. Thank you. Okay. Thank you. May it please the Court. Hold on one second. Not until after this. May it please the Court. My name is Peter Ginsberg, along with Christopher Neff. We're here on behalf of Mr. Sargent. Your Honor started the inquiry of the SEC addressing the text, and that is important. When Rule 31 was adopted in 1944, two important things were said. One was that Rule 31 was a restatement of existing law. And the second is that the committee cited two cases. One was a criminal case, and the other was a civil case. The other textual inquiry, which I think the SEC did not present fully to the Court, was Rule 61, as enunciated this morning, was enunciated in an abbreviated form. Rule 61, the first words of that rule are, unless justice requires. And those words were glaringly omitted by the SEC. Justice does require the standard that we are presenting. The error here doesn't go to the trial record, but goes to the framework of the trial. There is nothing more important, almost nothing more important, than the right to a jury. But can I ask you about that? If you're denied the jury trial right on the civil side, that's not structural error. That's the kind of inquiry that can be reviewed by the trial record. There's no way. There's just no way that you could ever determine, that anyone could ever determine, whether the denial of the right to poll was or was not of moment with regard to. Well, just play that out for me. I'm not sure I understand that. The idea behind the denial of the poll being defying inquiry is we don't know whether that juror gave their honest, full, uninfluenced view in joining in the verdict, absent being polled and saying. Correct. And in that sense, the framework was problematic because you were tried in a form in which the adjudicator you were entitled to didn't really give their view, basically. Correct. Well, doesn't that automatically, a fortiori, true if you were denied the opportunity to have jurors decided that all? How could the trial record tell you what would have happened if jurors had heard the case? I think if there was a right to a jury trial and that right was denied, it requires a reversal. Per se? I understand the difficulty. We're trying to make sense of these cases. But the answer is no, it does not per se require it. And as you said, you'd look at the record. If the record showed overwhelming evidence in favor of the verdict entered by the bench, then the fact that you were denied the jury trial right wouldn't necessarily mean that we reverse. And then the question is, well, so now in this setting, there was not polling, we're not sure what the juror would have said if polled. But if the evidence is overwhelming in favor of the verdict that was announced, what's the reason to treat it any differently than if you were denied the jury trial right altogether? And Your Honor frames the inquiry exactly correctly, and that presents the determination that we're asking the court to adopt. When you look at the record in determining whether the right to a jury triggers a right to a new trial, you have a robust record. You have witness testimony. You have evidence. You have rulings by the court. In contrast, the court can't replace the jury. The jury is a distinct, incredibly important part of the system. To determine whether — But with respect, I just don't follow that, because in the case in which you've been denied the jury trial right and only were given the bench trial right, what happened was the judge did replace the jury wrongly, and yet you say we just review the record to figure out whether that harmed you. So how can it be different in the polling? Am I missing something? Let's focus on the issue before the court. What you were saying is that when there's a trial, even though it's a judge trial, a bench trial versus a jury trial, there is a record. What happened here, there's no record for you to — it's up in the air. It's a big question mark. It may have been harmless. It may not have been, but there's no way for you to argue one way or another.  If I may probe that a bit. You have chosen to make an argument that I actually think is not a very strong argument. You've chosen to say it has to be structural error because of the difficulties of the defense proving it is not harmful. I've just suggested to you from this record one can derive a basis for a good argument that the error was in fact harmful. On your per se rule, the SEC would never have the opportunity to say, no, any error here was harmless because the case was overwhelming, because there were admissions on the part of the defendant. And so you want us to conclude, and I think we would be the first court in the country to conclude, that structural error applies to the failure to poll a civil jury. That is, I believe, inconsistent with Supreme Court case law and would be quite a remarkable holding for our court. You do not need the argument you are making in order to make the textual argument, which is where I thought you were starting, as to congressional intent. So what is your reply? My reply was on both grounds a reversal is required. There's no doubt from the record, as it is, that if we were to go through the process of a harmless error analysis, we would prevail. But respectfully, Your Honor, a court has ruled... If that is the case, then how can you make the argument it has to be structural error because we can never prove it's not harmless? Because there are cases that aren't as obvious as this. So there are cases, and normally we would construe the clause justice requires, unless justice requires as being a very fact-based determination based on a review of all of the factors in a case. It does not lend itself to per se rules. Respectfully, Your Honor, I think it's the Verser case in the Seventh Circuit explained that justice requires the per se rule because there is no way to delve into the sanctity of the jury room. There is no way a judge can assess the credibility and say, well, a juror would or would not have applied his or her common sense. I don't understand. You just argued if the case gets remanded, we can show that this was not harmless error. I'm confident we could, but I'm also confident that the law shouldn't require us. Well, what is the prejudice? There is a question as to what the prejudice inquiry would be if there were a prejudice inquiry. One version of it would be you actually have to show that the juror who was not polled, a juror who was not polled would have given a different answer, such as in Judge Helpe's case, and I know there was some effort to do that but struck. That would be one requirement that you'd have to show, and short of that, you could say then you can't show it. An alternative view is that if there are reasons to think that maybe the jurors were not saying what they said because they had given indications that it was a close case earlier in the trial and then suddenly came to a verdict, we'd be inferring prejudice, but it's not clear that's the typical way we would do a prejudice inquiry, so there's that difficulty what the prejudice inquiry even would be in a situation. I take it what you're saying is you think either you could show individual jurors would have changed their minds, which then raises all the kinds of questions, do we want to be encouraging that type of inquiry, or alternatively is it enough on harmless error just to show that if there was a sign of deadlock before the verdict was handed down, that's always enough to show prejudice. You could take that position. It's not clear that would be right, and I guess on top of all of that, your position is in no event can the strength of the evidence and the overwhelming nature of it be enough to show no prejudice. That is our position. And that's, I take it, the key stakes in what we're trying to decide on appeal, is can the overwhelming nature of the evidence ever matter or not, because in structural error cases we don't really care, even though we know in some structural error cases, no matter how biased the judge was, that the evidence was absolutely overwhelming. It still doesn't matter. And there is only one way to assure that there was unanimity in the jury, and that is by polling. Let me ask you, counsel, when you go back to polling, I'm getting a flashback of my district judge days. One time I had a case that after there was an issue about a jury bringing in proper information at some point after the verdict was final. What I did was I brought back individually, this was maybe a year later, every single juror, and again, the rules, the way it was done, both parties were there, so it was not ex parte, and I polled individually. They didn't come the same day, none of them. They came different times, and now you can even do it by VTC, I guess. But the jurors would come one-on-one. The parties would propose questions. I asked them every question. Was that your verdict? Did that influence you in any way? Would it have been improper? And I was able to make a record even after the verdict. That case went on appeal, and it was affirmed on appeal by this court. I can't remember the name. It was maybe like seven, eight years ago. But isn't a possible remedy in this case that this be remanded, and perhaps if there's concerns with Judge Young, another judge polled the jury individually, would that remedy perhaps your concern? Or it's what happened already had happened, and there's no way to remedy that. Respectfully, I think what Judge Young did has so tainted the jury by his ex parte communications, which lasted quite a while, that I don't think we could ever individually poll the jury. Well, that's a different argument, isn't it? That's a different argument from the argument that I thought we were being presented on appeal. It's a different argument. That's right. The argument that we are presenting is there is no way to go back and make a determination of what the jury. Even with another judge presiding? Excuse me? Even with a different judge presiding, not Judge Young? I believe not, Your Honor. The only rule that is appropriate, just like this court held in Cabral when Judge Young erred by allowing alternates to deliberate. Well, the confounding thing here is the district court agreed with you. Correct. Which means that to the extent an inquiry into harmlessness or prejudice needs to be undertaken, it hasn't been undertaken. Correct. So unless we agree with the district court here that we don't care about that inquiry, the proper answer would seem to be to vacate and let arguments be made about what kind of prejudice needs to be shown in this context, what the evidence shows on that regard. We have just the pure question, if I'm understanding the interlocutory appeal, of who cares what a prejudice inquiry would look like, who cares what the evidence showed in this case. It never matters. In all cases where there's a denial of polling under this rule, it's per se reversible. And that's the only way to protect the sanctity of the jury in the principle of unanimity? It's the only way to consider what this court said in Odette, that the criminal and the civil cases should be viewed in parity pursuit? It's the only way. I mean, after all, counsel mentioned the Cariacos case. The Supreme Court in 1946 said there's no distinction between the civil and criminal rules in this respect. There shouldn't be. The judiciary, when the amendment to the civil rule was enacted, made no exceptions. And there's a reason for that. The committee quite clearly paralleled precisely the criminal rule because it believed, without dissent of any sort, that the criminal rule was going to be followed by the civil rule. And there's a reason for that. Because there is no way to inquire as to what occurred in the secrecy of the jury room. The court shouldn't do it, and the appellate court shouldn't do it. After all, Your Honor, in a different context, you wrote that the right face is a blank face. And that's true for jurors, too. Jurors are instructed, or at least try for the most part, to keep a blank face, not to show how he or she is applying common sense. There's a certain specific need for a jury and a specialness to jurors that we shouldn't intrude upon. Any further questions, Judge Lentz? No, thank you. Judge Helpe? No, thank you. Thank you. At this time, Mr. Alvarez, please reintroduce yourself on the record to begin. You have a three-minute rebuttal. Thank you, Your Honors. Paul Alvarez for the Securities and Exchange Commission. Mr. Alvarez, would I interrupt you? The same question I posed to opposing counsel. Yes. Wouldn't it be proper here to do a remand of the sort I said where perhaps another judge would ask each judge individually, with questions from the parties, what happened? If nothing happened, then nothing happened. Absolutely, Your Honor. The Supreme Court, indeed the Bolden, has talked about the court's inherent powers to recall the jury, and that even though the jury has been discharged, that doesn't restrict the court's ability to recall the jurors. And I think the manner in which Your Honor described— What would happen if one of the jurors couldn't make it? I don't know the answer to that. I think the court can try its best to do that, but I don't think that recreating the jury poll is the only way to ascertain whether the jury was unanimous. Again, as this court did in Ira Green and as the Sixth Circuit did in the Simmons case, you look to other indicia throughout the course of the trial. One is, of course, the strength of the evidence, the unanimity instruction, the demeanor of the jurors, among other things, and that really comports with the balanced framework that Congress set up in stating that you have to look to the facts. Am I right that, at least on the appeal, the government hasn't, and neither has the opposing party, articulated to us what the prejudice standard would be if we rejected the district court's view that there is no prejudice standard because it's structural? That is correct, Your Honors. We are solely here to decide whether courts can consider that. And then any arguments about what prejudice looks like in this context would just have to be briefed and argued as we normally would have, and then they can come up to us on that appeal. Correct. And really that sort of gets to Judge Lynch's point that justice requires is a fact-based inquiry, and I think that's exactly right. That is what Congress intended, and so that's what this court should permit the district court to do. Now, whether it's Judge Young who presided over the case and who had firsthand knowledge of his interactions with the jury, or whether it's a different judge who maybe perhaps is one point removed and can look at the record independently, I'd leave that to the court's discretion to determine. Excuse me? I'm sorry? You can't be serious. Judge Young recused himself on this matter. You're saying we could send it back to a judge who has recused himself? Judge Young recused himself in a limited fashion for the purposes of assessing this very legal issue that the court is now deciding. But if this court is not, I'm not pressing to bring it back to Judge Young, Your Honor, at all. Again, as I said, I would leave that to the court's discretion to decide what is best in this situation. I'm just simply pointing out that Judge Young does have the benefit. When you say the court's discretion, this appellate court's discretion or district's discretion? This court's discretion, Your Honor. I'm simply saying that, thank you. You can just finish this sentence and then that's good. Very good. We would just ask, and then let me just say, we would ask that this court reverse Judge Stern's determination to remand for an assessment of whether the Rule 48C error was harmless. Thank you very much. Thank you, Your Honors. That concludes argument in this matter.